# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FREDRICK RIDEOUT GRAY, JR. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-17-137-F |
| | ) |
| GEO GROUP INC., et al, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, appearing pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983 alleging twenty-three Defendants violated his state and federal rights. [Doc. No. 10]. United States District Judge Stephen P. Friot has referred the matter for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, it is recommended that, on screening, the Court dismiss Plaintiff's claims, decline to exercise supplemental jurisdiction over his state law claims, and deny his motion for appointment of counsel.

## I.    Plaintiff's Claims

Plaintiff's claims arise out of his confinement at the Lawton Correctional Facility (LCF). In particular, Plaintiff alleges: (1) he has been denied physical and mental health treatment; (2) officials have ignored or rejected his grievances in violation of due process and the First Amendment; (3) he has been denied access to programs in violation of due process and his equal protection rights; (4) various Defendants have filed "bogus" misconduct reports against him to either cover their own violations or in retaliation; (5) various Defendants promulgated an unconstitutional 10:00 P.M. lights-out policy; and (6) various Defendants failed to protect him

from inmate assault. Complaint at 7-22.[1] Plaintiff names over twenty parties, including the GEO Group Inc., LCF, officials from LCF, and officials from the Oklahoma Department of Corrections (DOC), in both their individual and official capacities. *See id.* at 1-7. For relief, Plaintiff seeks monetary damages, declaratory relief, a "preliminary and permanent injunction" transferring him to another prison and requiring medical care,[2] and expungement of his disciplinary convictions. *Id.* at 23-24.

## II. Standard Governing Screening

Federal law requires the Court to screen prisoner complaints when they seek relief against a governmental entity or an employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In addition, because Plaintiff is proceeding in forma pauperis, the Court has an ongoing duty to consider the sufficiency of his claims. *See id.* § 1915(e)(2). Under both statutes, the Court must dismiss any frivolous or malicious claim, any claim asking for monetary relief from a defendant immune from such relief, or any claim on which the Court cannot grant relief. *See id.* §§ 1915A(b), 1915(e)(2)(B).

Under this review, the Court must accept Plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to him. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The Court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009)

---

[1] Citations to Plaintiff's pleadings will refer to this Court's CM/ECF pagination. Further, for ease of reading, the undersigned has corrected arbitrary capitalization when quoting Plaintiff.

[2] Plaintiff filed two documents entitled "Memorandum of Law in Support of Plaintiff Gray's Motion for a Temporary Restraining Order and a Preliminary Injunction" [Doc. Nos. 1, 13] and two documents entitled "Declaration in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction" [Doc. Nos. 2, 12]. However, aside from his request for injunctive relief in his Complaint, Plaintiff never filed separate motion for temporary restraining order and preliminary injunction.

(quotations and citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pro se plaintiff's complaint must be broadly construed under this standard. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the generous construction given to pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Finally, in addition to these standards, the Tenth Circuit has made clear that "context matters" when determining the plausibility of the allegations of a complaint. *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008). For that reason, Plaintiff's Complaint must also comply with Rule 8 of the Federal Rules of Civil Procedure. "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). Under this rule, a plaintiff must plead "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). At a minimum, the plaintiff must inform the defendants about what they allegedly did to violate federal law. *See Barfield v. Commerce Bank*, 484 F.3d 1276, 1281 (10th Cir. 2007). That is, the allegations should inform each defendant "what [he or she] did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

### III. Analysis

For the following reasons, the Court should summarily dismiss Plaintiff's claims.[3]

#### A. Eleventh Amendment Immunity

Plaintiff identifies Defendants Allbaugh, Knutson, Williams, Honaker, Dr. Lange, and Dr. Morgan as DOC employees and, in part, sues them for monetary relief in their official capacities. Complaint at 2-4, 7, 24. The Court should dismiss these claims without prejudice.

Claims for damages against a state employee sued in his official capacity are construed as claims against the state and are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 165–68 (1985) (a suit against an individual state employee acting in an official capacity is properly treated as a suit against the state itself and is barred under the Eleventh Amendment); *White v. Colorado*, 82 F.3d 364, 366 (10th Cir. 1996) (Eleventh Amendment sovereign immunity barred § 1983 claims against prison officials in their official capacities). While a State may waive the defense of sovereign immunity, the State of Oklahoma has not waived its sovereign immunity defense against § 1983 actions brought in federal district court cases. *See Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 589 (10th Cir. 1994); *see also Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006) (citation omitted) ("Oklahoma has not waived sovereign immunity against § 1983 claims in federal district court."). As such, the Eleventh Amendment bars any claim for monetary relief against the DOC Defendants in their official capacities and the court should dismiss those claims without prejudice. *See Colby v. Herrick*, -- F.3d --, 2017 WL 782272, at *3 (10th Cir. 2017) ("[O]n the federal due-process claim, the district court made the dismissal with prejudice. Because Eleventh Amendment immunity is jurisdictional, this dismissal should have been without prejudice.").

---

[3] Dismissal may be available on other grounds for various Defendants. However, the undersigned finds dismissal is most appropriate for the reasons set forth below.

### B. Denial of Physical and Mental Medical Care

Plaintiff's overriding argument stems from his belief he is not receiving proper medical treatment. On these claims, Plaintiff's arguments are conclusory and/or fail to state a valid claim for relief.

#### 1. Standard for a Denial of Medical Care Claim

The Eighth Amendment "imposes duties on [prison] officials [to] provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates[.]'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)). In *Farmer*, the Supreme Court held a "prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Id.* at 828. Under this governing standard, "'[d]eliberate indifference' involves both an objective and a subjective component." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). Regarding the objective component, the "prisoner must first [show] . . . the deprivation at issue was in fact 'sufficiently serious.'" *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Farmer*, 511 U.S. at 834). The subjective component requires a plaintiff to show "the prison official's culpable state of mind" and may be satisfied with allegations the official "[knew] of and disregard[ed] an excessive risk to inmate health or safety." *Id.* So, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . must also draw the inference." *Id.* (internal quotation marks omitted).

### 2. Plaintiff's Allegations

Plaintiff alleges:

- he visited Defendant Dr. Shah on June 25, 2016, and after "some confusion about [medications]" Plaintiff submitted a grievance to Defendant Thomas;

- On July 1, 2016, Defendant Crossmen denied him his morning medications;

- Defendants Rios, Collins, Dr. Shah, and Thomas were "deliberately indifferent to [Plaintiff's] serious medical (mental health) treatment";

- Defendants Dr. Lange, Thomas, Dr. Morgan, Honaker, Collins, Rios, Black, Engle, Richmond, Williams, and Allbaugh were deliberately indifferent to "approx. (40) complaints" about health care "by inferring the issue is handled" or by minimizing the issues;

- Defendants Dr. Lange, Washington, Thomas, Dr. Morgan, Dr. Shah, Honaker, Rios, Plume, Williams, and Engle were "deliberately indifferent" to Plaintiff's mental health needs;

- Defendant Simpkins denied Plaintiff his evening medications on November 7, 2016;

- Defendants Thomas, Rios, Dr. Musllam, and Honaker have been deliberately indifferent to Plaintiff's "painful and fluid filled knees";

- Defendants Thomas, Rios, and Dr. Musllam have been deliberately indifferent to Plaintiff's "neck injury"; and,

- Defendants Richmond and Thomas allow nurses to "borrow medications in a hurry" and "pass medications that particular nurse did not check out" and do not enforce "timely reorder [of] medications" and Defendant Honaker is deliberately indifferent to these issues.

Complaint at 8-19.

### 3. Analysis

Based on the foregoing allegations, it is clear Plaintiff has failed to supply enough facts to establish his physical or mental medical needs were sufficiently serious and/or that any named Defendant "knew he faced a substantial risk of harm and disregarded it." *Villa v. D.O.C. Dept. of Corr.*, 664 F. App'x 731, 733 (10th Cir. 2016) (affirming the court's dismissal where prisoner

with arthritis in his knee simply repeated the term "deliberate indifference" without developing facts to establish defendants knew of and disregarded a substantial risk of harm). That is, in large part Plaintiff simply "makes conclusory legal assertions without providing facts showing he is entitled to relief." *Id.*; *see also White v. Kansas Dept. of Corr.*, 664 F. App'x 734, 741 (10th Cir. 2016) (holding the district court properly dismissed prisoner's deliberate indifference claim where he failed to sufficiently develop the facts to establish either the objective or subjective components). Finally, Plaintiff in large part fails to clarify *who* did *what* and when, so as to provide these Defendants with fair notice on his claims. *See supra* p. 3. So, the Court should dismiss, without prejudice, Plaintiff's deliberate indifference claims implicating Defendants Allbaugh, Williams, Rios, Thomas, Honaker, Dr. Lange, Dr. Morgan, Collins, Engle, Plume, Richmond, Dr. Musllam, Dr. Shah, Simpkins, Black, and Crossmen.

## C. Unanswered or Returned Grievances

Plaintiff next accuses Defendants Allbaugh, Knutson, Williams, Rios, Thomas, Honaker, Dr. Lange, Dr. Morgan, Collins, Engle, Richmond, and Black of refusing to address his administrative grievances in violation of his due process and First Amendment rights. Complaint at 9-12, 18-19, 21. The Court should dismiss these claims with prejudice.

"'There is no independent constitutional right to state administrative grievance procedures.'" *Von Hallcy v. Clements*, 519 F. App'x 521, 523 (10th Cir. 2013) (citation and internal brackets omitted). "Therefore, [Plaintiff] cannot state a due process claim based on allegations of an ineffective grievance . . . system." *Id.* Likewise, prison officials' refusal to address prison grievances does not rise to the level of a First Amendment violation. *See, e.g., Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011) ("When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the

government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance." (citation omitted)); *see also Stengel v. New Mexico Corr. Dep't*, 640 F. App'x 701, 705 (10th Cir. 2016) (noting the district court had dismissed plaintiff's claim that officials violated the First Amendment in failing to allow him to utilize the grievance process and affirming). Because no amendment could cure these allegations, the Court should dismiss them with prejudice. *See Knight v. Mooring Capital Fund, LLC*, 749 F.3d 1180, 1190-91 (10th Cir. 2014) ("[E]ven though pro se parties generally should be given leave to amend, it is appropriate to dismiss without allowing amendment 'where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.'" (citation and internal brackets omitted)).

### D. Lack of Access to Programs

Plaintiff alleges "defendants make working and taking trade skill cognitive training unavailable" in violation of Plaintiff's due process and equal protection rights. Complaint at 14-15. Plaintiff further claims he is "not being treated fairly by Defendants Rios and Collins who can allow Plaintiff Gray to remain at [LCF] so he can program." *Id.* at 15.[4]

On Plaintiff's due process claim, the Court should dismiss with prejudice. "Federal courts have consistently found that prisoners have no constitutionally protected liberty interest in prison vocational, rehabilitation, and educational programs based on the Fourteenth Amendment." *Washington v. Borejon*, 324 F. App'x 741, 741 (10th Cir. 2009); *see also Sheratt v. Utah Dep't. of Corr.*, 545 F. App'x 744, 748 (10th Cir. 2013) ("[T]he option to participate in a rehabilitative program . . . is a privilege, not a right.").

---

[4] Plaintiff's statement is confusing, as it suggests he *wants* Defendants Rios and Collins to keep him at LCF; however, he specifically requests a transfer to another facility in his request for relief. Complaint at 23.

8

Plaintiff's related equal protection claim should be dismissed without prejudice. Plaintiff has offered no facts to suggest LCF officials have treated him differently than another similarly situated inmate. *See Brown v. Montoya*, 662 F.3d 1152, 1172-73 (10th Cir. 2011) ("[T]o assert a viable equal protection claim, plaintiffs must first make a threshold showing that they were treated differently from others who were similarly situated to them."); *see also Thomas v. New Mexico Corr. Dep't.*, 272 F. App'x 727, 729 (10th Cir. 2008) ("Regarding Mr. Thomas's equal protection claim, Mr. Thomas's conclusory allegations are not enough to state a claim. Mr. Thomas must allege that he was treated differently from similarly situated individuals.").

### E. The Lights-Out Policy at LCF

Plaintiff next seeks relief against Defendants Meade, Engle, and Juarez for their alleged implementation of a policy which requires the lights to go out at 10:00 P.M. According to Plaintiff, the "cell light policy" interferes with his ability to craft grievances and write letters. Complaint at 17, 19. The Court should also dismiss this claim with prejudice.

"The Eighth Amendment's prohibition on cruel and unusual punishment "'does not mandate comfortable prisons,' and conditions imposed may be 'restrictive and even harsh.'" *DeSpain v. Uphoff*, 264 F.3d 965, 973 (10th Cir. 2001) (citation omitted). Plaintiff cites no authority, nor does the undersigned find any, establishing Plaintiff has a constitutional right to keep his cell lights on throughout the night. The claim is essentially frivolous and the Court should dismiss it with prejudice.

### F. "Bogus" Misconduct Charges

According to Plaintiff, Defendants Simpkins, Engle, Juarez, Tunstal, and Washington brought "bogus" misconduct charges against him.[5] Complaint at 12-13, 17-20. The Court should dismiss these claims without prejudice.

#### 1. Misconduct Charges Not Based on Retaliation

For Defendants Simpkins, Tunstal, Engle, and Washington, Plaintiff alleges misconduct charges were brought with malice or to cover wrong-doing, but not in retaliation for Plaintiff exercising a constitutional right. *See* Complaint at 13-14, 17-18, 20. Therefore, Plaintiff's allegations fail to state a valid claim for relief. *See, e.g., Brown v. Cline*, 319 F. App'x 704, 705 (10th Cir. 2009) (noting the district court's holding that if plaintiff's claims that misconduct charges were false were not barred on other grounds, they would "fail[] to state a cognizable constitutional claim" and affirming "for substantially the reasons stated by the district court"); *see also Griego v. Marcantel*, No. CIV-12-0528-JB/LAM, 2012 WL 6632772 at *2 (D. N.M. Dec. 13, 2012) (unpublished order) ("No relief is available on the allegation that charges against

---

[5] To the extent Plaintiff seeks to have the misconducts expunged, *see* Complaint at 23-24, he must do so in a separately filed action brought pursuant to 28 U.S.C. § 2241. *Compare Cardoso v. Calbone*, 490 F.3d 1194, 1197 (10th Cir. 2007) (a challenge to a misconduct conviction involves a challenge to the execution of a sentence and is properly brought in a habeas petition pursuant to § 2241; conversely, where monetary relief is sought on basis of defendants' alleged malicious actions in bringing misconduct charges, claims are properly addressed pursuant to § 1983). Notably, while Plaintiff complains that his segregation was "significantly atypical," Complaint at 14, he does not otherwise allege any procedural due process violations. Finally, to the extent Plaintiff's allegations demonstrate the misconducts have not been expunged, his claims may be barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (holding that "[a] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated"); *Edwards v. Balisok*, 520 U.S. 641, 645, 648 (1997) (extending holding of *Heck* to prison disciplinary actions). However, *Heck* bars a collateral attack on prison disciplinary convictions only if the claim challenges the loss earned credits. *See Muhammad v. Close*, 540 U.S. 749, 752 n. 1 (2004). The Court lacks sufficient information about Plaintiff's disciplinary convictions to know if *Heck* applies.

Plaintiff were based on false accusations."). So, the Court should dismiss the claims involving "bogus" misconduct charges against Defendants Simpkins, Engle, Tunstal, and Washington with prejudice.

### 2. Misconduct Charge Based on Retaliation

Plaintiff also alleges Defendant Juarez brought a "bogus" misconduct charge against him. However, in contrast to his related claims, Plaintiff accuses Defendant Juarez of using the charge to "punish Plaintiff Gray for utilizing the grievance process." Complaint at 19. Officials may not retaliate against prisoners for filing administrative grievances. *See Smith v. Nelson*, 618 F. App'x 436, 438 (10th Cir. 2015). However, Plaintiff's allegations are too sparse to state a valid claim for relief.

To state a valid claim for retaliation, Plaintiff must allege: (1) he was engaged in constitutionally protected activity; (2) Defendant Juarez's actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and, (3) Defendant Juarez's adverse actions were substantially motivated as a response to Plaintiff's constitutionally protected activity. *See Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007). For the last element, Plaintiff must allege that "'but for' the retaliatory motive, the incidents to which he refers . . . would not have taken place.'" *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (citation omitted). In other words, he must allege: (1) Defendant Juarez was aware of his protected activity; and (2) Defendant Juarez's misconduct charge against Plaintiff was made in close temporal proximity to the protected activity. *See Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010). Therefore, "it is imperative that [P]laintiff's pleading be factual and not conclusory. Mere allegations of constitutional retaliation will not suffice;

[P]laintiff[] must, rather, allege specific facts showing retaliation because of the exercise of [his] constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990).

In the Complaint, Plaintiff does not allege specific facts to satisfy the second or third elements outlined above. That is, Plaintiff does not establish that Defendant Juarez's misconduct charge against Plaintiff would chill a person of ordinary firmness from filing grievances. Additionally, Plaintiff does not explain when Defendant Juarez became aware of his grievance filing or when, in temporal proximity, Defendant Juarez brought the misconduct charge. Finally, Plaintiff fails to allege that "but for" his filing grievances, Defendant Juarez would not have brought the misconduct charge. Accordingly, the Court should dismiss this claim without prejudice. *See Banks v. Katzenmeyer*, 645 F. App'x 770, 772–73 (10th Cir. 2016) (affirming the district court's dismissal, on screening, of plaintiff's claim that defendant charged him with a misconduct for filing grievances and noting: "To the extent the complaint relied on conclusory allegations that [defendant's misconduct charge] was 'fabricated' and 'bogus' to infer that she would not have filed it absent a retaliatory motive, these allegations were also insufficient to establish 'but for' causation. The complaint failed to allege specific, objective facts from which it could plausibly be inferred that [defendant's misconduct charge] was pretextual.").

### G. Failure to Protect

Plaintiff initiated two failure-to-protect claims. First, he alleges Defendant Honkar failed to protect him from his "severely mentally ill cellmate." Complaint at 16. Second, he alleges Defendants Allbaugh, Knutson, Rios, Jane/John Doe, Dr. Lange, Collins, Meade, Engle, Plume, and GEO Group, Inc. failed to protect him from sexual assault from a cellmate. *See id.* at 18.

1.  **Standard for Failure to Protect**

Prison officials "must take reasonable measures to guarantee the safety of the inmates" and have a duty "to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 832-833 (internal quotation marks omitted). To state a valid failure to protect claim, "the prisoner must show that the conditions of his incarceration present an objective 'substantial risk of serious harm,' . . . [and that] "prison officials had subjective knowledge of the risk of harm." *Howard v. Waide*, 534 F.3d 1227, 1236 (10th Cir. 2008) (quoting *Farmer*, 511 U.S. at 833-34). As explained in assessing Plaintiff's Eighth Amendment medical claims, "[t]he subjective component of the deliberate indifference test requires that, before liability can be imposed, a prison official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Howard*, 534 F.3d at 1236 (quoting *Farmer*, 511 U.S. at 837).

2.  **Analysis**

Plaintiff's claim that the Defendants failed to protect him is entirely conclusory. As it relates to his "severely mentally ill" cellmate, Plaintiff does not allege what type of injury, if any, he suffered, does not describe how Defendant Honaker – the DOC Chief Medical Officer — would have known Plaintiff was in harm's way at LCF, and does not otherwise describe Defendant Honaker's personal involvement. Plaintiff does describe the injury he allegedly received from the "sexual deviant" cell mate, but he fails to provide sufficient facts to establish the subjective component; i.e., that any Defendant knew he was at risk for sexual assault and was deliberately indifferent to it. Indeed, Plaintiff fails to describe any Defendant's involvement in the alleged incident and does not clarify exactly *who* did *what*. *See supra* p. 3. So, Plaintiff's allegations cannot survive screening. *See Davis v. Workman*, 501 F. App'x 834, 836 (10th Cir.

2012) (holding the district court properly dismissed, on screening, plaintiff's claim that officials failed to protect him from fellow inmates where plaintiff's "complaint fails to specify how defendants were involved in the alleged Eighth Amendment violation"); *see also Witmer v. Grady Cty. Jail*, No. CIV-10-796-D, 2011 WL 4588910, at *5 (W.D. Okla. Apr. 7, 2011) (unpublished report and recommendation) (recommending the court dismiss plaintiff's failure to protect claim on screening because: "Plaintiff's allegations in his Amended Complaint do not create any inference that Defendant Harwell knew of and disregarded an excessive risk to Plaintiff's health or safety."), *adopted*, 2011 WL 4578453 (W.D. Okla. Sept. 30, 2011), *aff'd*, 483 F. App'x 458 (10th Cir. 2012). These claims should be dismissed without prejudice.

### H. Plaintiff's State Law Claims

Plaintiff asks the Court to take "supplemental jurisdiction over [his] State law and State of Oklahoma constitutional claims" but he fails to ever specify which claims fall under that category. Complaint at 2 & *passim*. Regardless, because the Court should dismiss Plaintiff's federal claims, *see supra* at 3-13, it should deny his request and should dismiss any state law claims without prejudice. *See Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010) (recognizing that when all federal claims are dismissed before trial, a district court should generally decline to exercise pendant jurisdiction over state-law claims).

## IV. Plaintiff's Motion to Appoint Counsel

Plaintiff has filed a motion for appointment of counsel. [Doc. No. 5]. "The decision of whether to appoint counsel in a civil case under § 1983 is left to the discretion of the trial court." *Marshall v. Columbia Lea Reg'l Hosp.*, 345 F.3d 1157, 1181 (10th Cir. 2003); *see also Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991); 28 U.S.C. § 1915(e)(1). The factors to be considered include: (1) the merits of the litigant's claim; (2) the nature of the factual issues raised

in the claims; (3) the litigant's ability to present the claims; and (4) the complexity of the legal issues raised. *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). While appointment of counsel in § 1983 cases is permissible, it is appropriate only in complex cases in which the prisoner demonstrates a meritorious claim that he lacks the ability to present. *See Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012).

The Court has carefully considered the applicable factors and the circumstances of Plaintiff's case. Notwithstanding Plaintiff's adequate ability to present his claims, Plaintiff's Complaint fails to state any plausible claim for relief. Moreover, neither the factual nor legal issues presented are complex. Plaintiff's lack of training or knowledge in the law is not, by itself, persuasive because the same could be said about any pro se litigant. *See Rucks*, 57 F.3d at 979 (reasoning that because appointing an attorney would assist any pro se litigant in presenting the strongest possible case, such an argument was not grounds to require a district court to do so). Accordingly, it is recommended that Plaintiff's request for appointment of counsel be denied.

## RECOMMENDATION

Plaintiff has failed to state a valid claim for relief against any Defendant and it is recommended that his claims be dismissed on screening pursuant to §§ 1915A(b)(1), 1915(e)(2)(B). Specifically, the Court should dismiss without prejudice Plaintiff's § 1983 claims that: (1) he has been denied physical and mental health treatment; (2) Defendant Juarez filed "bogus" a misconduct report against him in retaliation; (3) he has been denied programs in violation of equal protection, and (4) various Defendant failed to protect him from inmate assault. The official capacity claims seeking monetary relief against the DOC Defendants and any state law claims should also be dismissed without prejudice. The Court should dismiss with

prejudice Plaintiff's § 1983 claims that: (1) officials have ignored or rejected his grievances in violation of due process and the First Amendment; (2) he has been denied access to programs in violation of due process; (3) various Defendants filed "bogus" misconduct charges with malice or to cover their own wrong-doing; and (4) various Defendants promulgated an unconstitutional lights-out policy after 10:00 P.M. With the dismissal of Plaintiff's § 1983 claims, the court should decline supplemental jurisdiction over any state law claims.

The Court's dismissal of these federal and state law claims will terminate all the named Defendants, all Plaintiff's requests for relief, and will result in dismissal of the Complaint [Doc. No. 10] in its entirety. Finally, it is recommended that Plaintiff's motion for appointment of counsel [Doc. No. 5] be denied.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by May 3, 2017. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *See Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred by the District Judge in this matter.

ENTERED this 12th day of April, 2017.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE