# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FREDERICK RIDEOUT GRAY, JR., | ) |
| Plaintiff, | ) |
| -vs- | ) Case No. CIV-17-0137-F |
| GEO GROUP INC., et al., | ) |
| Defendants. | ) |

## ORDER

This action is brought under 42 U.S.C. § 1983 by Frederick Rideout Gray, Jr., a state pre-trial detainee who appears *pro se* and whose pleadings are liberally construed. Magistrate Judge Bernard M. Jones filed a Report and Recommendation (the Report, doc. no. 19), which recommends dismissal of this action upon screening under 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B). The Report recommends dismissal of certain claims without prejudice and dismissal of other claims with prejudice. The Report also recommends that the court deny plaintiff's motion for appointment of counsel. Doc. no. 5. Plaintiff objects to the Report. Doc. no. 24. Plaintiff has also filed a number of new motions.

All objected to matters are reviewed *de novo*. Plaintiff objects to all aspects of the Report, save one. Plaintiff states no objection to the Report's recommendation that his failure to protect claims should be dismissed without prejudice. He states that he has abandoned these particular claims because he is unable to support them at this time. Accordingly, other than the Report's recommended dismissal without

prejudice of the failure to protect claims, the entirety of the Report has been reviewed *de novo*.

Having conducted that review, the court finds and concludes that it agrees with the recommendations contained in the Report. Furthermore, given the detailed analysis of Mr. Gray's claims which the magistrate judge presents in the Report, the court finds that no further discussion is necessary here. Accordingly, Mr. Gray's objections to the Report are **DENIED**, and the Report is **ACCEPTED**, **ADOPTED** (with a minor clerical correction)[1] and **AFFIRMED**.

In accordance with the recommendations in the Report, this action is **DISMISSED** on screening pursuant to § 1915A(b)(1) and § 1915(e)(2)(B).

The following § 1983 claims are dismissed without prejudice: plaintiff's claims 1) that he has been denied physical and mental health treatment; 2) that defendant Juarez filed a bogus misconduct report against plaintiff in retaliation; 3) that plaintiff has been denied programs in violation of equal protection; and 4) that various defendants failed to protect plaintiff from inmate assault.

The official capacity claims seeking monetary relief against the Department of Corrections defendants are also dismissed without prejudice.

The following § 1983 claims are dismissed with prejudice: plaintiff's claims 1) that officials have ignored or rejected his grievances in violation of due process and the First Amendment; 2) that plaintiff has been denied access to programs in violation of due process; 3) that various defendants filed bogus misconduct charges, with malice or to cover their own wrong-doing; and 4) that various defendants

---

[1] Near the top of p. 10 of the Report, under heading "F," the Report incorrectly states that "The Court should dismiss these claims [the bogus misconduct claims] without prejudice." As made clear in other parts of the Report, the magistrate judge actually recommends that some of the bogus misconduct claims be dismissed with prejudice and that some of these claims be dismissed without prejudice. Accordingly, **AS ADOPTED**, the incorrect sentence in the Report is changed to read as follows: "The Court should dismiss these claims."

promulgated an unconstitutional lights-out policy, requiring lights off after 10:00 p.m.

Thus, all of plaintiff's federal claims are dismissed. Having dismissed those claims, the court declines to exercise supplemental jurisdiction over the state law claims, all of which are dismissed without prejudice for that reason.

The dismissal of plaintiff's federal and state claims terminates all of the defendants, terminates all of plaintiff's requests for relief, and results in dismissal of the complaint in its entirety.

The court also agrees with and **ADOPTS** the Report's recommendation that Mr. Gray's motion for appointment of counsel be denied. That motion is **DENIED**. Doc. no. 5.

The court has considered the new motions filed by Mr. Gray. Defendants have not responded to these new motions, nor is a response yet due. However, no response is necessary in order for the court to rule. None of these new motions changes any results stated in this order, and the motions are all denied as follows.

Doc. no. 25. The motion for a stay is **DENIED** as moot.

Doc. no. 26. This motion for relief pursuant to Rule 60(b)(1), Fed. R. Civ. P., seeks to correct in advertent legal context mistakes. It asks the court to permit Mr. Gray to clarify some of the allegations which the Report found insufficient. In other words, this motion appears to argue that leave to amend should be permitted. Mr. Gray has filed a separate motion for leave to amend, addressed next. Moreover, to the extent this motion should be construed as a motion under Rule 60(b)(1), the court notes that no judgment had been entered when the motion was filed. This motion is **DENIED**.

Doc. nos. 27, 34 (proposed amended complaint). The motion for leave to file an amended complaint is **DENIED**. The court construes the amended complaint which has been filed separately by the plaintiff (doc. no. 34, filed without

3

permission), as the proposed version of the complaint which plaintiff, by this motion, seeks permission to file. The proposed amended complaint would re-allege certain claims which have now been dismissed with prejudice, and does not constitute a short and plain statement of plaintiff's claims as required by Rule 8, Fed. R. Civ. P. The motion for leave to amend is **DENIED** (doc. no. 27), and plaintiff's proposed amended complaint is **STRICKEN (**doc. no. 34).

Doc. no. 28. Plaintiff's motion for appointment of counsel and/or a guardian ad litem is **DENIED**. The court has already considered and denied a request for appointment of counsel. This new motion states no reasons for appointment of counsel that would merit a different result. No sufficient grounds have been stated for appointment of a guardian ad litem.

Doc. no. 31. Plaintiff's motion for a temporary restraining order and for prospective injunctive relief is **DENIED** as moot.

IT IS SO ORDERED this 11th day of May, 2017.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

17-0137p002.docx