**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| FREDERICK RIDEOUT GRAY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-0137-F |
| | ) | |
| GEO GROUP INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed an Amended Complaint pursuant to 42 U.S.C. § 1983 alleging numerous violations at the Lawton Correctional Facility (LCF), [Doc. No. 34].  United States District Judge Stephen P. Friot referred the matter for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

On April 24, 2018, the Court entered an Order allowing Plaintiff to serve his Amended Complaint on the named defendants. [Doc. No. 52].  Plaintiff's deadline was ninety-days later, or July 23, 2018.  On June 25, 2018, summons for Defendant Juarez was returned unexecuted, as the United States Marshals Service attempted but was not able to effect service of process on this party. [Doc. No. 59].  Plaintiff took no further action to locate or serve Defendant Juarez, and his service deadline expired over seven months ago.  In an abundance of caution, the Court ordered counsel for the private-prison defendants to provide Defendant Juarez's last known address if available.  [Doc. No. 119].  Counsel informed the Court that they do not have the requested information. [Doc. No. 121].  The Court then ordered Plaintiff to show cause why his claims against Defendant Juarez should not be dismissed without prejudice.  [Doc. No. 122].  Plaintiff's deadline was April 5, 2019, *see id.*, and he did not respond.

Therefore, for the reasons set forth below, the Court should dismiss Defendant Juarez, without prejudice.

## I.   Analysis

Although appearing pro se, Plaintiff is responsible for serving Defendant Juarez with a summons and the Amended Complaint. *See* Fed. R. Civ. P. 4(c)(1); *see also DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993) (stating that even though plaintiff was pro se, he was "obligated to follow the requirements of Fed. R. Civ. P. 4" (citation omitted)). As noted above, Plaintiff has failed to do so. So, the Court must determine whether the record reflects "good cause" for a mandatory extension of time, and if not, whether a permissive extension of time is warranted. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995); *see also Murphy v. City of Tulsa*, 556 F. App'x 664, 666-69 (10th Cir. 2014) (delineating *Espinoza*'s required inquiries).

### A.   Mandatory extension

For a mandatory extension of time, Plaintiff must show "good cause" for his failure to perfect service. Fed. R. Civ. P. 4(m). The Court gave Plaintiff this opportunity, but he failed to offer any good cause for his failure to locate and serve Defendant Juarez. Under such circumstances, the Court should find that Plaintiff is not entitled to a mandatory extension of time. *See Smith v. Glanz*, 662 F. App'x 595, 597-98 (10th Cir. 2016) (finding the district court did not abuse its discretion in dismissing jail officials, based on "failure of service," where plaintiff was given an opportunity to show good cause for his failure and did not do so).

### B.   Permissive extension

"[W]hen a plaintiff fails to show good cause for untimely service, 'the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service.'"

*Murphy*, 556 F. App'x at 668-69 (*quoting Espinoza*, 52 F.3d at 841).  The Court considers three factors in deciding whether a permissive extension is warranted.

First, the Court considers whether the statute of limitations would bar Plaintiff from refiling against Defendant Juarez.  *See Espinoza*, 52 F.3d at 842.  Plaintiff alleges Defendant Juarez violated his constitutional rights in November, 2016, [Doc. No. 34, at 13-16], and he has a two-year limitations period in which to file the action.  *See McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011) (noting Oklahoma's personal injury statute of limitations is two years).  Because Plaintiff timely filed his original complaint in April 2017, and his Amended Complaint in May 2017, Oklahoma's savings clause would salvage Plaintiff's ability to refile these claims against Defendant Juarez.  That statute provides:

> If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff . . . may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed.

Okla. Stat. tit. 12, § 100; *see also Mott v. Carlson*, 786 P.2d 1247, 1248 (Okla. 1990) (noting that the original suit had been dismissed for failure to serve summons and holding that Okla. Stat. tit. 12, § 100 "allows a suit so dismissed to be refiled within one year").  Under these circumstances, this factor weighs against an extension of time.

Second, the Court considers whether Plaintiff has unsuccessfully attempted to serve the United States.  *See Espinoza*, 52 F.3d at 842.  That circumstances is not present here.

Third, "[t]he district court should also take care to protect [a] pro se plaintiff from consequences of confusion or delay attending the resolution of an in forma pauperis petition." *Espinoza*, 52 F.3d at 842 n.8 (quotation omitted).  Here, the Court did not begin the service-deadline until after it granted Plaintiff's application for leave to proceed in forma pauperis.  *See*

[Doc. No. 11, 52].  This factor also weighs against granting a permissive extension of time to effect service.  *See De La Cruz v. Doe*, No. CIV-16-181-F, 2017 WL 7222382, at *4 (W.D. Okla. Dec. 28, 2017) (unpublished report and recommendation) (finding that when the Court granted plaintiff in forma pauperis status "without delay or confusion," that factor weighed against a permissive extension of time to serve the defendants), *adopted*, 2018 WL 652333 (W.D. Okla. Jan. 31, 2018) (unpublished district court order).

### C.      Summary

Plaintiff failed to serve Defendant Juarez and has taken no apparent action to locate the party.  Plaintiff has also failed to provide any good cause for a mandatory extension of time and the Court should decline a permissive extension of time.

## RECOMMENDATION

For the reasons discussed above, the Court should dismiss Defendant Juarez without prejudice.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation.  *See* 28 U.S.C. § 636.  Any objection must be filed with the Clerk of the District Court by May 6, 2019.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein.  *See Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation does not terminate the referral by the District Judge in this matter.

ENTERED this 15th day of April, 2019.

BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE