IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

FREDERICK RIDEOUT GRAY, JR., )
                                               )
           Plaintiff, )
                                               )
-vs-                                         )   Case No. CIV-17-0137-F
                                             )
GEO GROUP INC., et al., )
                                             )
           Defendants. )

## ORDER

On May 9, 2017, plaintiff Frederick Rideout Gray, Jr, a state inmate appearing *pro se* whose pleadings are liberally construed, filed an amended complaint pursuant to 42 U.S.C. §1983, alleging violations of his constitutional rights. Doc. no. 34. That is the current version of the complaint, and it is the version of the complaint that is challenged by the motions to dismiss addressed in this order.[1] The motions challenge the claims alleged against these defendants under Rule 12(b)(6), Fed. R. Civ. P.

Currently before this court is the Report and Recommendation of March 7, 2019, submitted by Magistrate Judge Bernard M. Jones. Doc. no. 108 (the Report).[2] The March 7 Report addresses a motion to dismiss filed by Oklahoma Department of Corrections employees Mark Knutson and Buddy Honaker. Doc. no. 70.[3]

---

[1] Plaintiff has recently filed a second motion for leave to amend the complaint. Doc. no. 130. This order does not rule on that motion, which is pending before the Magistrate Judge.

[2] Two additional Reports have been submitted by the Magistrate Judge (doc. nos. 127, 129) which are not addressed in this order.

[3] Other defendants joined in the motion but were later dismissed from this action at plaintiff's request.

The Report recommends the court grant the motion, as follows: 1) dismissing with prejudice plaintiff's claims alleged in the amended complaint against Knutson (plaintiff alleges that Knutson wrongfully affirmed plaintiff's various disciplinary convictions, and plaintiff seeks an injunction against Knutson on that basis); and 2) dismissing without prejudice plaintiff's claims alleged in the amended complaint against Honaker (plaintiff alleges Honaker prevented plaintiff from receiving medical treatment, specifically, by hindering plaintiff from obtaining hard-sole diabetic shoes which a Lawton Correctional Facility physician had ordered for him).

Plaintiff objects to the Report. Doc. no. 124. All objected to matters have been reviewed *de novo*.

The court has carefully considered plaintiff's objections.

With respect to Knutson's motion, plaintiff argues that due process violations are evident and that plaintiff can succeed on the merits of his claims against Knutson. The Report recommends granting Knutson's motion to dismiss with prejudice, on the ground that to warrant permanent injunctive relief as requested in the amended complaint, plaintiff must show he will achieve actual success on the merits, which plaintiff cannot do because inmates have no due process rights to a prison appeal. The court agrees with the Report's conclusion that Knutson's alleged actions in denying plaintiff's disciplinary appeals cannot entitle plaintiff to relief, and that the court should dismiss with prejudice the claims seeking injunctive relief against Knutson. This ruling covers the official capacity claim as well as any individual capacity claim plaintiff might have intended to allege against Knutson for violations of the disciplinary appeals process. *See*, Report, doc. no. 108, p. 6, n.6.

With respect to Honaker's motion, the amended complaint alleges a LCF physician "ordered for Plaintiff to have hard sole diabetic shoes" but that defendant Honaker "hindered" the order by "amend[ing] the response of Defendant Rios through Defendant Dawson." Allegations indicate that plaintiff attempted to order

2

shoes from the canteen, that LCF officials denied the request on the ground that "Reeboks are not classified as diabetic shoes," that plaintiff appealed that decision, that Honaker then remanded the issue to LCF officials for further review, that once back at the LCF level the grievance coordinator told plaintiff to send his grievance to "HSA Ms. Thomas," and that when plaintiff did so Thomas deemed plaintiff out of time. *See*, Report, doc. no. 108, p. 7 and n. 7. The court agrees with the Report's conclusion that the allegations do not establish that Honaker was objectively aware of a substantial risk of harm to plaintiff's health or that Honaker deliberately refused to fulfill a gatekeeping role. The result, as recommended in the Report, is that plaintiff's claims against Honaker should be dismissed without prejudice.

Plaintiff's objections to the Report are **DENIED**. Doc. no. 124. The Report and Recommendation is **ACCEPTED**, **ADOPTED** and **AFFIRMED.** Doc. no. 108. As recommended in the Report, the motion to dismiss filed by Knutson and Honaker is **GRANTED** as follows. The claims alleged against Knutson in the amended complaint are **DISMISSED** with prejudice. The claims alleged against Honaker in the amended complaint are **DISMISSED** without prejudice. This action remains referred to the Magistrate Judge.

IT IS SO ORDERED this 29th day of April, 2019.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

17-0137p008.docx