## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| FREDERICK RIDEOUT GRAY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. CIV-17-0137-F |
| | ) | |
| GEO GROUP INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Gray, a state prisoner appearing *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983, alleging violations at the Lawton Correctional Facility. On April 15, 2019, Magistrate Judge Bernard M. Jones submitted a Report and Recommendation which recommended that the court dismiss defendant Juarez from this action, without prejudice, under Rule 4(m), Fed. R. Civ. P. Doc. no. 129. The Report stated that Mr. Gray had failed to effect timely service on Juarez. The Report stated that Mr. Gray had not shown good cause for a mandatory extension of time within which to serve Juarez and that the court should decline a permissive extension of time. *Id*., p. 4 of 5.

The Report advised that any objection to the recommended rulings must be filed by May 6, 2019. No objection was filed. The undersigned took no action on the Report at that time because, on May 16, 2019, Mr. Gray moved to temporarily stay this action, citing his ongoing mental health treatment. Doc. no. 135. The magistrate judge granted the motion and stayed proceedings for ninety days (or until August 26, 2019). Doc. no. 137. On September 17, 2019, the magistrate judge

entered an order lifting the stay. Doc. no. 140. The order noted that at the time the stay was entered, the only unexpired deadline was a deadline involving the filing of Mr. Gray's proposed second amended complaint.[1]

As the stay has been lifted, the court now addresses the Report of April 15, 2019. As already stated, the time to object to the Report expired before the stay was put in place, and no objection to the Report has been filed. Nor has Mr. Gray requested an extension of time within which to object to the Report.

With there being no objection to the Report, and having reviewed the matters covered in the Report, the court concurs in the recommended rulings. Given the detailed analysis set out in the Report there is no need for further discussion of the issues here. The Report (doc. no. 129) is **ACCEPTED**, **ADOPTED** and **AFFIRMED**. As recommended in the Report, defendant Juarez is **DISMISSED** without prejudice.

IT IS SO ORDERED this 19th day of September, 2019.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

17-0137p010.docx

---

[1] The possibility that a second amended complaint may be permitted has no direct impact on the issue covered in the April 15, 2019 Report. Without prejudging any issues, the court notes that the filing of a second amended complaint does not restart the 120-day service period for a defendant who was named in a prior version of the complaint. *See*, Bolden v. City of Topeka, Kansas, 441 F.3d 1129, 1148 (10th Cir. 2006) ("the 120-day period provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint."). Moreover, it does not appear that Mr. Gray intends to include Juarez in a second amended complaint. *See*, doc. no. 130, pp. 6-7 (previously proposed version of a second amended complaint).